1  STEPHEN H. TURNER, SB# 89627
    E-mail: turner@lbbslaw.com
2  LARISSA G. NEFULDA, SB# 201903
    E-Mail: lnefulda@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California 90012
   Telephone: (213) 250-1800
5  Facsimile: (213) 250-7900

6  Attorneys for Defendant, THE BRACHFELD LAW GROUP, P.C.
   erroneously sued as BRACHFELD & ASSOCIATES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| JAMES KLAUSNER, | CASE NO. CV09-8434 MMM (Ex) |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| BRACHFELD & ASSOCIATES, | |
| Defendant. | |

   Defendant THE BRACHFELD LAW GROUP, P.C. ("Defendant"), for itself and for no other defendant, answers Plaintiff JAMES KLAUSNER's ("Plaintiff") Complaint ("Complaint") as follows:

   1.   Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege violations of the Fair Debt Collection Practices Act, but Defendant denies that it violated any of these laws in any way.

   2.   Answering Paragraph 2 of the Complaint, the paragraph states a legal conclusion to which Defendant is not required to respond.

   3.   Answering Paragraph 3 of the Complaint, Defendant admits that it conducts business in California. As for the remaining allegations, the allegations state a legal conclusion to which Defendant is not required to respond.

   4.   Answering Paragraph 4 of the Complaint, the paragraph states a legal



4849-9592-9861.1

ANSWER TO COMPLAINT
CASE NO. CV09-8434 MMM(EX)

1 conclusion to which Defendant is not required to respond.

2  5. Answering Paragraph 5 of the Complaint, Defendant denies Plaintiff is entitled to Declaratory Relief.

6. Answering Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

7. Answering Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

8. Answering Paragraph 8 of the Complaint, Defendant admits it is a debt collector.

9. Answering paragraph 9 of the Complaint, Defendant admits that it does business in Los Angeles County, California.

10. Answering Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, Defendant denies same.

11. Answering Paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein and denies that the alleged voicemail messages were accurately and fully transcribed.

13. Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation contained therein and denies that the alleged voicemail messages were accurately and fully transcribed.

14. Answering Paragraph 14 of the Complaint, Defendant admits each and every allegation contained therein.

15. Answering Paragraph 15, subsections a-j of the Complaint, Defendant denies each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant denies Plaintiff is entitled to the requested relief.

17. Answering Paragraph 17 of the Complaint, Defendant denies Plaintiff is entitled to the requested relief.

18. Answering Paragraph 18 of the Complaint, Defendant denies Plaintiff is entitled to the requested relief.

19. Answering Paragraph 19 of the Complaint, Defendant denies Plaintiff is entitled to the requested relief.

20. Answering Paragraph 20 of the Complaint, Defendant denies Plaintiff is entitled to any other relief.

**FIRST AFFIRMATIVE DEFENSE**

1. As a separate, affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

2. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendants were proper and did not violate any provisions of any Federal or State statute.

**THIRD AFFIRMATIVE DEFENSE**

3. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to Defendant.

///

///



### FOURTH AFFIRMATIVE DEFENSE

4. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were not accompanied by actual malice, intent or ill will.

### FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged.

### SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against Defendant by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendant alleges that it at all times alleged in the Complaint, maintained reasonable procedures created to prevent any type of intentional violations of the FDCPA.

### NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. §1692(k)(a)(1), §1692(k)(a)(2)(A), §1692(k)(a)(3) and 15 U.S.C. § 1692(k)(b)(1).

### TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant alleges that Defendant's conduct, communications and actions, if any, were privileged pursuant to 15 U.S.C. §1692(k)(c).

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that their actions were privileged pursuant to Federal and State Common Law.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Plaintiff failed to mitigate damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, Defendant's alleged acts or omissions were not a proximate cause of said damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges that Plaintiff is barred from any recovery against Defendant by the applicable statutes of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. This answering defendant presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet, unstated separate defenses available. This answering defendant reserves herein the right to assert additional defenses in the event that the discovery indicates they would be appropriate.

/ / /
/ / /
/ / /

WHEREFORE, this answering Defendant prays:

1. For a judgment in favor of Defendant, and against Plaintiff, and that Plaintiff take nothing by reason of said Complaint;

2. That this answering Defendant be awarded cost of suit herein and such other further relief as the Court deems just.

DATED: January 26, 2010     LEWIS BRISBOIS BISGAARD & SMITH LLP


By /s/ Larissa G. Nefulda
Stephen H. Turner
Larissa G. Nefulda
Attorneys for Defendant,
THE BRACHFIELD LAW GROUP, PC

4849-9592-9861.1

-6-

ANSWER TO COMPLAINT
CASE NO. CV09-8434 MMM(EX)

# FEDERAL COURT PROOF OF SERVICE
Klausner v. Brachfield & Associates - File No. Pending

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 26, 2010, I served the following document(s): ANSWER TO COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Michael S. Agruss
Krohn & Moss, Ltd.
10474 Santa Monica Boulevard
Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400
Fax: (866) 583-3695
E-Mail: magruss@consumerlawcenter.com

The documents were served by the following means:

[X]  (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 26, 2010, at Los Angeles, California.

_____
Susan Marriott


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4849-9592-9861.1

ANSWER TO COMPLAINT
CASE NO. CV09-8434 MMM(EX)